UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
**FILED**
AUG 2 5 2022
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

V.                                    INDICTMENT NO. 6:22-CR-53-CHB

BENJAMIN TODD MOBELINI

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

## COUNT 1
### 21 U.S.C. § 841(a)(1)

On or about October 20, 2021, in Perry County, in the Eastern District of Kentucky,

**BENJAMIN TODD MOBELINI**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 2
### 21 U.S.C. § 841(a)(1)

On or about November 3, 2021, in Perry County, in the Eastern District of Kentucky,

**BENJAMIN TODD MOBELINI**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3
## 18 U.S.C. § 922(g)(1)

On or about November 3, 2021, in Perry County, in the Eastern District of Kentucky,

**BENJAMIN TODD MOBELINI,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm, that is a Ruger, EC9s, 9mm semi-automatic pistol, with serial number 457-4158, and the firearm was in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(1).

## COUNT 4
## 21 U.S.C. § 841(a)(1)

On or about November 9, 2021, in Perry County, in the Eastern District of Kentucky,

**BENJAMIN TODD MOBELINI**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 5
## 21 U.S.C. § 841(a)(1)

On or about January 26, 2022, in Perry County, in the Eastern District of Kentucky,

**BENJAMIN TODD MOBELINI**

did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 6
## 21 U.S.C. § 841(a)(1)

On or about January 26, 2022, in Perry County, in the Eastern District of Kentucky,

**BENJAMIN TODD MOBELINI**

did knowingly and intentionally possess with the intent to distribute controlled substances, including 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and 40 grams or more of a mixture or substance containing a detectable amount of fentanyl, both Schedule II controlled substances, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 7
## 18 U.S.C. § 924(c)(1)(A)

On or about January 26, 2022, in Perry County, in the Eastern District of Kentucky,

**BENJAMIN TODD MOBELINI**

did knowingly possess a firearm in furtherance of a drug trafficking offense for which he may be prosecuted in a Court of the United States, as set forth in Count 6, that is, possession with the intent to distribute controlled substances, all in violation of 18 U.S.C. § 924(c)(1)(A).

## COUNT 8
## 18 U.S.C. § 922(g)(1)

On or about January 26, 2022, in Perry County, in the Eastern District of Kentucky,

**BENJAMIN TODD MOBELINI,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms, that is a (1) Charter Arms, .38

caliber special revolver with serial number 17F04070; and (2) Smith & Wesson, .40 caliber semi-automatic handgun with serial number PAP3046, and the firearms were in and affecting commerce, all in violation of 18 U.S.C. § 922(g)(1).

## FORFEITURE ALLEGATIONS
## 21 U.S.C. § 853
## 18 U.S.C. § 924(d)(1)
## 28 U.S.C. § 2461

In committing the offense alleged in Count 3, 7, and 8 of this Indictment, the below-listed firearms are subject to forfeiture pursuant to 18 U.S.C. § 924(d).

In committing the offenses alleged in Count 1, 2, 4, 5, and 6 of this Indictment, the same being punishable by imprisonment for more than one year **BENJAMIN TODD MOBELINI** used and intended to use the below-described property to commit and to facilitate the commission of the said controlled substance violation, and the below-described property constitutes proceeds obtained directly and indirectly as a result of the commission of the aforesaid violations of 21 U.S.C. § 841(a)(1), including, but not limited to, the following property seized from **BENJAMIN TODD MOBELINI** on or about January 26, 2022:

### FIREARMS AND AMMUNITION:

1. Ruger, EC9s, 9mm semi-automatic pistol, with serial number 457-4158;
2. Charter Arms, .38 caliber special revolver with serial number 17F04070; and
3. Smith & Wesson, .40 caliber semi-automatic handgun with serial number PAP3046;
4. Various rounds of ammunition.

By virtue of the commission of the felony offenses charged in this Indictment, any and all interest **BENJAMIN TODD MOBELINI** has in the above-described property is vested

in and forfeited to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461.

_____
**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

## PENALTIES

### COUNTS 1, 2, 4, 5, and 6

Not more than 20 years imprisonment, not more than a $1,000,000 fine, and at least 3 years supervised release.

**If responsible for 50 grams or more of a mixture or substance containing methamphetamine or 40 grams or more of a mixture or substance containing a detectable amount of fentanyl:** Not less than 5 years and not more than 40 years of imprisonment, not more than a $5,000,000 fine, and at least 4 years supervised release.

> **If Prior Serious Drug Felony or Serious Violent Felony Conviction:**
> Not less than 10 years nor more than life imprisonment, not more than a $8,000,000 fine, and at least 8 years supervised release.

### COUNT 3 & 8

Not more than 10 years imprisonment, $250,000 fine, and 3 years supervised release.

### COUNT 7

Not less than 5 years nor more than life imprisonment – to be served consecutive to any term of imprisonment imposed for any other offense – not more than a $250,000 fine, and not more than 5 years of supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Forfeiture of listed items.